UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY as Subrogee of Tank Industry Consultants, Inc., | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:14-cv-00827-TWP-DML |
| GRANGE MUTUAL CASUALTY COMPANY, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |
| GRANGE MUTUAL CASUALTY COMPANY, | )<br>)<br>) |
| Third-Party Plaintiff, | )<br>) |
| v. | )<br>) |
| HALLMARK SPECIALTY INSURANCE COMPANY, and F & F COATING, INC. Default Entered on 2/25/2015, | )<br>)<br>)<br>) |
| Third-Party Defendants. | ) |

**ENTRY ON MOTION TO STRIKE THIRD-PARTY COMPLAINT**

This matter is before the Court on Hallmark Specialty Insurance Company's ("Hallmark") Motion to Strike Grange Mutual Casualty Company's ("Grange") Third-Party Complaint. (Filing No. 44). Hallmark asks the Court to strike Grange's Third-Party Complaint based upon improper use of impleader under Federal Rule of Civil Procedure 14 and because Grange had already instituted an independent action against Hallmark asserting the same claims for relief. For the reasons set forth below, Hallmark's Motion is **GRANTED**.

I.  **BACKGROUND**

The present lawsuit was filed by Plaintiff Westchester Surplus Lines Insurance Company ("Westchester") against Grange, and arose out of a workplace injury that occurred September 9, 2010 when an employee of F & F Coating tragically fell to his death while performing welding repairs on a water tower in Kokomo, Indiana.  The employee's estate brought a lawsuit against all the companies involved in the water tower project, which included Tank Industry Consultants, Inc. ("Tank"). That lawsuit resulted in a settlement of $100,000.00, plus $48,122.13 in fees and costs for defending the action, which Westchester paid.  Westchester subsequently filed the present action against Grange to recover monies which it paid on Tank's behalf.  Westchester believes that Grange is obligated to reimburse the monies it paid pursuant to the declarations page of American Suncraft Construction Company's ("American Suncraft") liability policy, in which Tank is listed as an additional insured. Grange has not reimbursed Westchester for said monies.

Along with its Answer to Westchester's complaint, Grange filed a Third-Party Complaint against Hallmark ([Filing No. 11](#)).  The Third-Party Complaint is seeking indemnity pursuant to a separate and independent subcontractor agreement between American Suncraft and F & F Coating. Grange contends that under the terms of the subcontract agreement between American Suncraft and F & F, Coating, Hallmark and F & F Coating were to defend and hold American Suncraft and Grange harmless from any claims, losses, damages and expenses.  In response, Hallmark asserts that Grange's Third-Party Complaint is improper under Rule 14 of the Federal Rules of Civil Procedure, and fails to state a claim upon which relief can be granted.  Moreover, because Grange has already instituted an independent action against Hallmark, they contend that Grange's Third-Party Complaint is wholly unnecessary, cumulative and would create an unnecessary burden for

2

Hallmark in defending itself against these two actions simultaneously. For these reasons, Hallmark asks the Court to strike the Third-Party Complaint under Rule 12(f).

## II.   LEGAL STANDARD

### A.   Motion to Strike

Federal Rule of Civil Procedure 12(f) allows the court to "strike from a pleading an insufficient defense or redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may, (1) act on its own, or (2) on a motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. *Id.* Motions to strike are generally disfavored; however, "where . . . motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

### B.   Third-Party Practice

Federal Rule of Civil Procedure 14 provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14. Courts interpreting this rule have recognized that "[t]he third-party defendant must be secondarily liable [derivative liability] to the third-party plaintiff in the event the third-party plaintiff is found to be liable to the plaintiff." *Green Line Mfg. Corp. v. Foreboard Corp.*, 130 F.R.D. 397, 399 (N.D. Ind. 1990). "The rule is not altered merely by the fact that the alleged third-party claim grew out of the same transaction." *U.S. Gen., Inc. v. City of Joliet*, 598 F.2d 1050, 1053 (7th Cir. 1979). Furthermore, "[e]ven though it may arise out of the same general set of facts as the main claim, a third-party claim will not be permitted when it is based upon a separate and independent claim." *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967). "The distinguishing characteristic of a claim filed pursuant to Rule

14(a) is that the defendant is attempting to transfer to the third-party defendant the liability asserted against the defendant by the original plaintiff." *Green*, 130 F.R.D. at 399 (quoting *Forum Ins. Co. v. Ranger Ins. Co.*, 711 F. Supp. 909, 915 (N.D. Ill. 1989).  As was identified by the Northern District of Indiana, a two-part test governs impleader under Rule 14: (1) the third-party defendant's liability must be secondary or dependent on the outcome of the main claim; and (2) the third-party plaintiff must be able to transfer all or part of his liability to the third-party defendant." *Deutsche Credit Corp. v. Nat'l Bank & Trust Co. of South Bend*, 114 F.R.D. 4, 7 (N.D. Ind. 1986).

### III.   DISCUSSION

Hallmark contends that the liability Grange seeks to impose upon it must fail, as it is not derivative.  "Liability is derivative where it is dependent on the determination of liability in the original action." *Beale v. Revolution Portfolio, LLC*, No. 07-C-6909, 2009 WL 1285527, at *2 (N.D. Ill. May 7, 2009).  Hallmark alleges that Grange's third-party claims are neither derivative in nature nor secondary or dependent upon Westchester's claim against Grange in the present lawsuit for the following reasons:

1. Westchester's claims against Grange relate to Grange's failure to defend and indemnify Tank as an additional insured on Grange's policy issued to American Suncraft.  *See* Exhibit A, B. (Filing No. 44-1; Filing No. 44-2).

2. Grange's claims against Hallmark relate to Hallmark's failure to defend and indemnify American Suncraft pursuant to an indemnity agreement contained within a subcontract between American Suncraft and F & F Coating.  *See* Exhibit C. (Filing No. 44-3, at ECF p. 4).

3. Tank was neither a contractual indemnitee of F & F Coating nor a party to the subcontract between American Suncraft and F & F Coating.  *See* Exhibit C. (Filing No. 44-3, at ECF p. 4).

4. Tank was neither listed nor qualified as an additional insured under Hallmark's Policy.  *See* Exhibit D. (Filing No. 44-4).

(Filing No. 44, at ECF p. 5). Grange argues that it should be indemnified through the subcontract indemnity provision with F & F Coating, for any damages on the underlying claim (Westchester's claim), which requires F & F Coating to defend and hold American Suncraft and Grange harmless from any claims made pursuant to the subcontract. (Filing No. 11, at ECF p. 3, ¶ 3.) Grange further states that Tank is listed as an additional insured on the declarations page of American Suncraft's liability policy and therefore is a part of American Suncraft and the indemnity agreement they have with F & F Coating. See Exhibit B. (Filing No. 44-2, at ECF p. 1.) To determine whether Grange may implead Hallmark into the lawsuit, the Court must look to the subcontract's indemnity agreement and decide if the indemnity agreement covers Tank as an additional indemnitee.

Under Indiana law, "a party may contract to indemnify another for the others own negligence. However, this may only be done if the party knowingly and willingly agrees to such indemnification." *West Bend Mut. Ins. Co. v. MacDougall Pierce Constr., Inc.*, 11 N.E.3d 531, 543-544 (Ind. Ct. App. 2014). Such indemnification provisions are strictly construed and will not be held to provide indemnification unless it is stated in clear and unequivocal terms. *Moore Heating & Plumbing, Inc. v. Huber, Hunt & Nichols*, 583 N.E.2d 142, 145 (Ind. Ct. App. 1991). Indiana courts follow a two-step analysis to determine whether a party knowingly and willingly accepted this burden. First, the indemnification clause must expressly state in clear and unequivocal terms that negligence is an area of application where the indemnitor has agreed to indemnify the indemnitee. The second step determines to whom the indemnification clause applies. In clear and unequivocal terms, the clause must state that it applies to indemnification of the indemnitee by the indemnitor for the indemnitee's own negligence. *Id.* at 146; *Hagerman Constr. Corp. v. Long Elec. Co.*, 741 N.E.2d 390, 392 (Ind. Ct. App. 2000); *Exide Corp. v.*

*Millwright Riggers, Inc.*, 727 N.E.2d 473, 480 (Ind. Ct. App. 2000); *Macdougall*, 11 N.E.3d at 543-544.

In the subcontract for the Indian Heights Tank project between American Suncraft and F & F Coatings there is an indemnity clause that states in relevant part:

> 7.2 To the fullest extent permitted by law, the Subcontractor [F & F Coatings] shall indemnify and hold harmless the Contractor [American Suncraft], Contractor's representatives [Grange], agents and employees from claims, losses, damages and expenses, including attorney's fees arising out of or resulting from the performance of the work, provided that such claim, loss, damages or expenses is caused in whole or in part by any negligent act or omission of the Subcontractor [F & F Coatings], anyone directly employed by them or anyone whose acts they are liable for, and attributes to bodily injury, sickness, disease or death, mold growth, or to injury to or destruction of tangible property (other than the work itself) including any resulting loss of use, regardless of whether or not it is caused in part by a party indemnified above.

([Filing No. 11-2 p. 4](#)).  Within the indemnification provision of the subcontract, there is no indication that F & F Coating knowingly and willingly agreed to indemnify Grange's additional insured, Tank.  In order for Grange to include Tank in the indemnification agreement between American Suncraft and F & F Coating, the parties must explicitly agree to those terms. Additionally, the parties need to place specific language within the indemnification provision that would clearly and unequivocally show that F & F Coating intends to also indemnify Tank if there were any claims, losses, damages and expenses resulting from the performance of the work and attributable to Tank.  Furthermore, there exist no such language within the indemnity clause that names Tank as an insured or indemnitee.  Because Tank is not expressly included in the indemnification provision of the subcontract between American Suncraft and F & F Coating, Hallmark cannot be wholly or secondarily liable for the monies that Westchester claims Grange owes as a result of Tank's settlement if Grange is initially found liable.

As stated above, because Hallmark is not secondarily liable for the monies that Grange will owe if found liable, Grange also does not have the ability to transfer all or part of its liability to Hallmark. Grange's Third-Party Complaint for indemnity is considered a separate and independent claim and not a derivative, in whole or part, of the Plaintiff's primary cause of action. Therefore, Grange is not be able to implead Hallmark as a Third-Party Defendant to the suit and must pursue its claims against Hallmark in the separate action filed in this Court. (See *Grange Mutual Casualty Company v. Hallmark Specialty Insurance Company et al*, No. 1:14-0823-TWP-DML.)  The indemnity provision is also a part of a separate and independent contractual obligation that does not list or qualify Tank as an additional insured under Hallmark's liability policy. Because Tank was neither a contractual indemnitee of F & F Coating nor a party to the subcontract between American Suncraft and F & F Coating, Grange improperly used Federal Rule of Civil Procedure 14 to implead Hallmark into the instant lawsuit.

### IV.   **CONCLUSION**

For the reasons set forth above, the Court finds that Grange's Third-Party Complaint fails to meet the requirements for proper impleader under Federal Rule of Civil Procedure 14. Therefore, Hallmark's Motion ([Filing No. 44](#)) is **GRANTED** and the Third-Party Complaint ([Filing No. 11](#)) is **STRICKEN** with respect to claims against Hallmark[1].  Accordingly, Hallmark is no longer a party to this action.

**SO ORDERED.**

Date: 6/17/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

---

[1] The Court notes that a Clerk's Entry of Default was entered against Third-Party Defendant F & F Coating on February 25, 2015 on the Third-Party Complaint. If Grange wishes to pursue the default action against F & F Coating it must proceed with filing a motion under Rule 55(b).

DISTRIBUTION:

F & F Coating, Inc.
97 10 FM 79
Sumner, Texas  75486

Geoffrey D. Farnham
DENENBERG TUFFLEY, PLLC
gfarnham@dt-law.com

William Henry Kelley
KELLEY & BELCHER
akelley@kelleybelcherlaw.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

Lewis S. Wooton
LEWIS WAGNER LLP
lwooton@lewiswagner.com

Michael Robert Giordano
LEWIS WAGNER LLP
mgiordano@lewiswagner.com